IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TRACY M. STANDRIDGE                                                                                           PLAINTIFF

      v.                              Civil No.   13-3112

SERGEANT BRAD HURST; and
SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas                                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### (1).  Background

According to the allegations of the complaint, in October of 2010, Bubba Terry Montgomery (Montgomery) "kept" all of the Plaintiff's and his children's personal belongings including a 1988 Ford F700 bucket truck.  Plaintiff utilized the truck in connection with his business.

On approximately, November 30, 2010, Plaintiff filed a police report and the case was assigned to Sergeant Brad Hurst.  Plaintiff does not indicate in the complaint what his relationship is to Montgomery.  In January of 2011, Plaintiff states he was told that Kerry Chism,

-1-

a prosecuting attorney, said that Montgomery had no rights to the Plaintiff's belongings. Sergeant Hurst came to Plaintiff's cell[1] and asked if he had someone to pick up his belongings. Plaintiff named Jackie Farris and provided her phone number. Sergeant Hurst told the Plaintiff he would call Jackie and Montgomery and let them know that the property needed to be returned. However, Plaintiff states this never happened.

Plaintiff was released from jail on May 19, 2011. He contacted Hurst and asked about his belongings. Hurst stated that he would call Montgomery and give him until Monday to return Plaintiff's belongings or face charges. When Plaintiff spoke with Hurst next, Hurst advised the Plaintiff to call the local impound yards to locate his truck.

Plaintiff located his truck at Carter & Sons Towing. He was told his truck had been found in the middle on the road in Oakland, Arkansas, in March of 2011. Plaintiff asked Hurst why he had not been informed of the location of the truck earlier. Plaintiff indicates the towing and storage bill was approximately $6,000. Plaintiff was unable to pay the bill and his truck was sold. When Plaintiff asked Hurst about the rest of his property, Hurst stated that he could not help Plaintiff.

Plaintiff indicates that he still sees his kids swing set, Barbie jeep, his trailer, and his lawn mower sitting in Montgomery's yard. Plaintiff asserts that Hurst failed to protect Plaintiff's rights and those of his children. With respect to Sheriff Montgomery, Plaintiff alleges he failed to properly train his employees to ensure that the rights of the Plaintiff and his children were protected.

---

[1] At the time, Plaintiff was incarcerated in the Baxter County Detention Center.

**(2). Discussion**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Davis v. Hall*, 992 F.2d 151 (8th Cir. 1993). Section 1983 may not be "used to duplicate state tort law on the federal level." *Medina v. City and County of Denver*, 960 F.2d 1493, 1495 (10th Cir. 1992)(citation omitted).

This case is subject to dismissal. First, to the extent Plaintiff's claims are based on Defendants' failure to bring criminal charges against Montgomery, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Second, Plaintiff does not contend that either of the named Defendants were involved in the taking of the property. *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983).

AO72A (Rev. 8/82)

Third, even if the Defendants are viewed as being involved in the alleged deprivation of Plaintiff's property, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Fourth, as to Sheriff Montgomery, "[i]n the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Instead, a supervisor is liable only if he directly participates in the violation or if his failure to train or supervise caused the violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). To be held liable for a failure to train or supervise, it must be shown that the supervisor had notice that the training procedures or supervision were inadequate and the inadequacy would likely cause a constitutional violation. *Tlamka*, 244 F.3d at 635. The complaint is wholly lacking in any allegations suggesting a basis for Sheriff Montgomery to be held liable in his supervisory capacity.

### (3) Conclusion

Accordingly, I recommend that the Complaint be dismissed as the claims asserted are frivolous or fail to state claims upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(i-ii). The dismissal of this lawsuit will constitute a strike pursuant to 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)